IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT PRICE McCOWAN,

      Plaintiff,                    No. CIV S-04-1593 LKK DAD P

   vs.

WARDEN M. KNOWLES, et al.,

      Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Plaintiff is a state prisoner proceeding pro se with this action. The matter is before the court on defendants' motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion.

PROCEDURAL HISTORY

        Plaintiff is confined in Pelican Bay State Prison. His civil rights complaint concerns the handling of confidential legal mail at California State Prison - Sacramento, where plaintiff was previously housed.

        Plaintiff's complaint is dated March 16, 2004, and was delivered to prison authorities for mailing on that date. The complaint was received in the United States District Court for the Central District of California on March 19, 2004, and was filed on March 31, 2004. By order filed April 7, 2004, the Central District court granted plaintiff's application to proceed

1  in forma pauperis, screened plaintiff's complaint, and authorized service of the complaint on
2  defendants Knowles and Johnson. The court noted that venue in the Central District of
3  California appeared to be questionable.

4  On June 28, 2004, defendants Knowles and Johnson moved to dismiss the
5  complaint on the grounds that venue in the Central District is improper and the complaint fails to
6  state a claim. Plaintiff filed opposition to the motion on July 29, 2004. On July 30, 2004, the
7  Central District court determined that venue in this action lies solely in the Eastern District of
8  California and found it to be in the interests of justice to transfer the case to the Eastern District.

9  The case was received in the Eastern District on August 9, 2004. On August 18,
10 2004, the undersigned issued an order setting forth the procedures governing prisoner cases in
11 this court. The order provides that all motions to dismiss and all motions brought pursuant to
12 Rule 12 of the Federal Rules of Civil Procedure shall be briefed pursuant to Local Rule 78-
13 230(m). The order advises plaintiff in detail of the requirements for opposing a motion to
14 dismiss for failure to exhaust administrative remedies made by a defendant pursuant to non-
15 enumerated Rule 12(b). (Order filed Aug. 18, 2004, at 2-3.)

16 On September 17, 2004, defendants filed a motion to dismiss the claims against
17 them under Rules 12(b) and 12(b)(6) of the Federal Rules of Civil Procedure for failure to
18 exhaust administrative remedies prior to bringing this action and for failure to state a claim upon
19 which relief can be granted. Plaintiff filed timely opposition to the motion.

20                    PLAINTIFF'S ALLEGATIONS REGARDING EXHAUSTION
21 Plaintiff's complaint has been submitted on a civil rights complaint form. By his
22 entries on the form, plaintiff alleges that there is a grievance procedure available at the institution
23 where the events relating to the complaint occurred, that he filed a grievance concerning the facts
24 relating to the complaint, and that the grievance procedure was not completed.

25 Attached to the form complaint is a copy of a first level appeal response dated
26 March 3, 2004, denying plaintiff's appeal dated December 3, 2003. In his appeal, plaintiff

complained of one instance of alleged mishandling of a piece of confidential legal mail and requested the following action:

> 1). Investigate my attornies [sic] Yagman and Yagman, call information, and look through the yellow pages at the law library, you'll see that, their law office attornies [sic], that accept legal mail. 2). Send me their full address, when you find out I was right, and respect my legal, and regular mail.

(Compl., Attached Copy of Inmate Appeal.)

The inmate appeal bypassed the informal level. At the first formal level, defendant Johnson interviewed plaintiff telephonically and then denied the appeal. Defendant Johnson summarized his investigation as follows:

> A review of your complaint revealed that you sent legal mail to the law offices of Yagman and Yagman. This mail was returned to you because you addressed the envelope incorrectly. Upon return the envelope was inspected, but not read, for contraband in accordance with California Code of Regulations, CCR, Title 15 Section 3147, Definition and Disposition of Mail sub-section (4). In this sub-section it states that all "undelivered letters and packages returned to a facility by the post office will be opened and inspected before returning to the inmate. The purpose of this inspection will be to determine if the content originated with the inmate sender identified on the letter or package, and to prevent transmission of material, substances, and property which an inmate is not permitted to possess in the correctional facility. The inspection of returned mail will include regular mail, which the inmate may have been authorized to seal before mailing, and letters, which were mailed as confidential correspondence."

(Id.)

On March 16, 2004, plaintiff requested second level review by making the following entry in section F of the inmate appeal form:

> "DISSATISFIED" . . . SEE ACTION REQUEST (B). LEGAL ACTIONS ARE IN PROCESS.[1]

(Id. (ellipsis in original).)

---

[1] Defendants' evidence reveals that the appeal was returned to plaintiff for failure to explain why he was dissatisfied with the first level response. Plaintiff added a sentence, as set forth infra.

3

THE PARTIES' ARGUMENTS

Defendants seek dismissal of this action on two grounds. First, defendants seek dismissal pursuant to the unenumerated portion of Rule 12(b) on the ground that plaintiff failed to exhaust available administrative remedies related to the claims alleged in his complaint prior to filing suit.

In support of dismissal for failure to exhaust, defendants offer evidence to establish the following facts: plaintiff alleges in his complaint that he filed a grievance regarding the events at issue but the grievance process was not completed; prison records show that plaintiff submitted a grievance dated December 3, 2003, complaining that he sent a confidential letter to his attorney that was postmarked December 4, 2003, but was returned on January 6, 2004, in an opened condition; the letter was returned with a notation by the U.S. Postal Service on the envelope that it was undeliverable as addressed; the envelope contained a street name but no number; in his grievance, plaintiff asked prison officials to look up the attorney's address and provide him with the address; review at the informal level was bypassed; at the first formal level, defendant Johnson, Office Services Supervisor, denied the grievance, noting that the letter had been returned as undeliverable and had been opened and inspected for contraband in accordance with prison regulations, but had not been read; plaintiff sought review at the second level stating he was dissatisfied with the first level response and had filed a lawsuit; plaintiff's complaint is dated March 16, 2004, the same day plaintiff requested review of the grievance at the second level; the grievance was partially granted at the second level by defendant Knowles on April 8, 2004, on the ground that, although the regulations provided for opening and inspecting confidential mail for contraband, that should have been done in plaintiff's presence; defendant Knowles advised plaintiff that mail room staff would receive refresher training on the procedures for processing returned mail; to the extent that plaintiff asked prison officials to locate an address for his attorney, defendant Knowles denied the grievance, finding that it was plaintiff's responsibility to obtain the necessary information; plaintiff did not seek review at the third level.

1  Defendants' evidence includes a declaration by D. Sackett, Case Records Manager
2  at Pelican Bay State Prison and custodian of inmate central file records. (Sackett Decl. ¶ 1.)
3  Declarant states that he has attached to his declaration true and correct copies of documents from
4  plaintiff's central file. The nine-page attachment contains plaintiff's grievance with responses at
5  the first and second formal levels, as well as a copy of the envelope that was returned and opened
6  outside plaintiff's presence. This copy of the grievance differs from the copy attached to
7  plaintiff's complaint in that it includes an appeal screening form returning the grievance to
8  plaintiff to explain why he was dissatisfied with the first level response. Plaintiff resubmitted the
9  appeal with material added to Section F:

> "DISSATISFIED" SEE ACTION REQUEST (B) . . . LEGAL
> ACTION ARE IN PROCESS. On 3/16/004 and 3/24/004, I don't
> agree with the denied appeal response, and I filed a lawsuit.

(Sackett Decl., Attach. at page bearing Bates-stamp number 002 (ellipsis in original).) This copy
of the inmate appeal also includes the second level response by defendant Knowles, dated April
8, 2004.

Defendants offer the declaration of N. Grannis, Chief of the Inmate Appeals
Branch in Sacramento. (Grannis Decl. ¶ 1.) Declarant states that the records maintained by the
branch were searched for director's level appeals filed by plaintiff and accepted for review since
2002. One appeal was located. On January 8, 2004, plaintiff submitted and the branch accepted
for review an appeal regarding plaintiff's name. That appeal was denied on April 2, 2004. As of
June 25, 2004, no other appeal had been received from plaintiff and accepted for review at the
third level. (Id. ¶¶ 2-4.)

Defendants argue that plaintiff failed to exhaust available administrative remedies
because he filed an inmate appeal concerning the claims alleged in this action but did not exhaust
that appeal by obtaining a director's level decision prior to filing this action. Defendants cite the
concession to nonexhaustion in the complaint, the fact that plaintiff mailed his civil rights
complaint on the same day he requested second level review, and the evidence that the second

level review was not completed until April 8, 2004, almost three weeks after plaintiff filed his complaint by placing it in the mail. Defendants contend that this action should be dismissed without prejudice for failure to exhaust available administrative remedies prior to filing suit.

In the alternative, defendants seek dismissal of this action for failure to state a claim for relief. Defendants argue first that there is no evidence that defendant Johnson, a supervisor of mail room staff, or defendant Knowles, the warden of the institution, opened the returned letter and in fact both merely responded to plaintiff's grievance concerning the opening of his returned letter. Defendants contend that they did not subject plaintiff to the deprivation of a constitutional right and cannot be held liable simply because they are supervisors. Defendants also argue that prison officials may open letters from attorneys to inspect for contraband and it is unsettled in this circuit whether an inmate must be present during the inspection. Defendants assert that plaintiff's claim is properly analyzed as a claim of denial of access to the courts or legal assistance, and plaintiff cannot prevail on such a claim because he cannot show actual injury to his right of access to his attorney based on one occasion when mail was returned by the postal service and opened for inspection outside his presence. Defendants assert entitlement to qualified immunity on such a claim because it is not clearly established that opening legal mail to inspect for contraband outside the prisoner's presence is unconstitutional.

Plaintiff's opposition commences with an incomprehensible discussion of timeliness, replete with citations to rules that have no apparent application to the pending motion. Plaintiff continues with an equally incomprehensible discussion of proceedings in the Central District. With regard to the exhaustion issue, plaintiff justifies his failure to pursue his grievance to the third level by explaining that, under state law, an inmate may appeal to the third level if dissatisfied with the second level response. Plaintiff asserts that he was satisfied with the warden's second level response partially granting his appeal, saw no need to process the appeal to the third level, and had a legal right not to pursue the appeal further. In conclusion, plaintiff asserts that his inmate appeal "was truly exhausted" and defendants' motion should be denied.

With regard to dismissal for failure to state a claim, plaintiff notes the erroneous reference to "defendants Alameida and Carey" in the heading on page 5 of defendants' motion. Plaintiff attacks defendants' characterization of his claim and states his belief that mail room staff read his letter and defendants failed to accept responsibility for the illegal action. Plaintiff views defendant Knowles' partial granting of his appeal as proof of misconduct. Plaintiff claims the defendants engaged in a cover up by not discovering and revealing the name of the person who opened his mail. He claims he suffered an actual injury when defendants failed to comply with institutional rules and regulations and did not respect his rights.

Plaintiff's opposition is supported by a copy of his opposition to defendants' first motion to dismiss, an attached copy of plaintiff's inmate appeal, and a copy of the briefing order issued by the Central District.

ANALYSIS

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court will not read futility or other exceptions into the PLRA's statutory exhaustion requirement. Id. at 741 n.6.

In California, state regulations permit prisoners to appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an

informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). In order to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a), a California prisoner must submit an inmate appeal at the appropriate level and proceed to the highest level of administrative review available before filing suit. Ngo v. Woodford, 403 F.3d 620, 624 (9th Cir. 2005); Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096 (9th Cir. 2002).

The PLRA exhaustion requirement creates a defense that defendants may raise in an unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 & nn.9 & 13 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." Id. at 1120 n.14. If the court concludes that the prisoner has not exhausted administrative remedies on any claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

In the present case, the court's order filed August 18, 2004, provided plaintiff with notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by a defendant pursuant to non-enumerated Rule 12(b). Plaintiff and defendants have offered essentially identical evidence concerning the inmate appeal plaintiff submitted to prison authorities on December 3, 2003. This evidence provides a factual record demonstrating that plaintiff did not exhaust available administrative remedies prior to bringing this action against defendants Knowles and Johnson.

/////

1    Plaintiff's civil rights complaint is dated March 16, 2004.  Attached to the
2 complaint is a proof of service in which plaintiff declares that he submitted his complaint and
3 other documents to prison officials for mailing on March 16, 2004, in accordance with Houston
4 v. Lack, 487 U.S. 266 (1988).  Under the mailbox rule established by Houston v. Lack, plaintiff's
5 complaint is deemed to have been filed in the Central District on March 16, 2004, and that is the
6 date on which this civil rights action was brought.  On March 16, 2004, plaintiff also requested
7 second level review of his inmate appeal because he was dissatisfied with the outcome at the first
8 level.  Plaintiff's submission of his appeal to the second level demonstrates that he was still
9 pursuing available administrative remedies when he brought this action on March 16, 2004.
10 Thus, plaintiff's complaint correctly indicates that the grievance procedure was not completed
11 when the complaint was filed.

12    On March 22, 2004, the appeals coordinator returned the appeal to plaintiff
13 because plaintiff did not explain why he was dissatisfied with the first level response.  On an
14 unknown date after March 22, 2004, plaintiff re-submitted his appeal to the second level.  An
15 appeals investigator was appointed to review the appeal, and an inquiry was conducted.  The
16 second level decision was issued on April 8, 2004.  Plaintiff does not deny that he was still
17 pursuing available administrative remedies up to this time.

18    Plaintiff's complaint contains a concession that the grievance procedure was not
19 completed when this action was brought on March 16, 2004.  The record demonstrates that
20 plaintiff proceeded to the next level of administrative review on the same day he delivered his
21 civil rights complaint to prison officials for mailing to the court.  In opposition to defendants'
22 motion, plaintiff concedes that he was still pursuing available administrative remedies until he
23 received the second level decision on April 8, 2004.

24    Defendants have met their burden of showing that plaintiff failed to exhaust
25 available administrative remedies before he brought this suit.  The court is required to dismiss an
26 action without prejudice where a prisoner failed to exhaust administrative remedies prior to filing

suit. McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam) (concluding that it would undermine attainment of congressional objectives to permit a prisoner to exhaust administrative remedies while proceeding with a federal suit). The undersigned will therefore recommend that this action be dismissed without prejudice.

Because plaintiff did not exhaust his administrative remedies prior to bringing this action, the court need not determine whether plaintiff subsequently exhausted administrative remedies and, if so, when. The undersigned expresses no opinion on plaintiff's contention that the partial grant of his appeal on April 8, 2004, served to exhaust available administrative remedies. Nor is it necessary for the court to rule on defendants' motion in the alternative to dismiss for failure to state a claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' September 17, 2004 motion to dismiss be granted; and

2. This action be dismissed without prejudice for failure to exhaust available administrative remedies prior to bringing the action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 24, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
mcco1593.mtd